## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IRONSHORE INDEMNITY, INC.<br><br>**Plaintiff**<br><br>V.<br><br>VILLA MARINA YACHT HARBOR, INC.<br><br>**Defendant** | **Civil No. 23cv1370**<br><br>**In Admiralty** |

### COMPLAINT FOR DECLARATORY RELIEF

**TO THE HONORABLE COURT:**

**COMES NOW**, the plaintiff, Ironshore Indemnity, Inc., through the undersigned counsel, and for its Verified Complaint for Declaratory Relief, alleges as follows:

### JURISDICTION AND VENUE

1. This action is filed under and pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201.

2. This matter involves a declaration of rights regarding the extent of insurance coverage under an admiralty or maritime contract of insurance and, thereby, comes within the Admiralty and Maritime Jurisdiction of the United States District Court pursuant to 28 U.S.C. § 1333. This is an admiralty and maritime

claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

3. An actual controversy of justiciable nature exists between the Plaintiff and the Defendant involving the rights and obligations under a contract of marine insurance, and, depending upon the construction of said contract, this controversy may be determined by a judgment of this Court.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391.

**PARTIES**

5. Plaintiff is a corporation in the business of, among other things, the sale and issuance of marine insurance policies and is licensed to conduct the business of insurance in the Puerto Rico. Plaintiff's main offices are located at 1010 Dale Street North St. Paul Minneapolis, MN 55117.

6. Upon information and belief, Defendant is a corporation incorporated under the laws of the Commonwealth of Puerto Rico with its principal place of business in Fajardo, Puerto Rico.

**FACTS**

7. On or before November 7, 2014, Defendant, through its insurance broker, made an application to Plaintiff for a marine policy of marine general liability insurance.

8. On or about November 7, 2014, Plaintiff issued to Defendant a marine general liability policy of insurance under Policy No. BWL000273-00 (the "Policy") to be effective from November 7, 2014, through November 7, 2015. A true and correct copy of the Policy is attached hereto as **Exhibit 1** and is fully incorporated herein.

9. Defendant, through its insurance broker, renewed the Policy for the policy years November 7, 2015 through November 7 2016, this time with Policy No. BWL000441-00 under the same terms and conditions as Policy No. BWL000273-00 (hereafter jointly referred to as "the Policies"). A true and correct copy of the Policy is attached hereto as **Exhibit 2** and is fully incorporated herein.

10. The Policies are policies for marine insurance.

11. The Policies include coverage for claims for Property Damage under the terms therein which are incorporated herewith in their entirety.

12. At some point in the year 2015, Mr. Jose R. Busquets-Zalduondo, owner of a motor yacht that was stored in Villa Marina Yacht Harbor, at the time owned and operated by Defendant, gave notice to the Defendant that his yacht had become infested with termites after the Defendant had moved the yacht to a new location within the marina without notice to Mr. Busquets and made a claim to Defendant for such damages.

13. Defendant did not, as required by the Policies, exercise due diligence and give notice of this occurrence to Plaintiff as soon as practicable.

14. Defendant did not, as required by the Policies, declare or give notice to Plaintiff of the alleged loss and occurrence within the Policy year.

15. Plaintiff learned about the occurrence in February 2023 when the attorney for Mr. Busquets called Plaintiff's general agent in Puerto Rico, Blue Water Insurers, Inc., to inquire about the status of an alleged claim under the Policies for the occurrence described above.

16. In a letter to the broker dated July 12, 2023, Plaintiff declined to cover the alleged damage to Mr. Busquets' yacht because it was prejudiced by the late reporting. See **Exhibit 3**, letter to defendant denying coverage which is fully incorporated herein.

17. Section IV(2) of the Policies states that in the event of an occurrence, claim or suit, the insured has a duty to "promptly" give Ironshore notice of any occurrence that is likely to result in a claim under the policy. "Occurrence" is defined in the policy as an accident, including continuous or repeated exposure to substantially the same general harmful conditions. The Policies require that the notice state how, when

and where the occurrence took place and the names and addressed of any injured person or witnesses.

**18.** The same clause further provides that:

> b) If a claim is made or "suit" is brought against any insured in excess of the policy deductible or is likely to exceed the deductible, <u>you must see to it that we receive prompt written notice of the claim or "suit"</u>.
>     i) You and any other involved insured <u>must</u>:
>         (a) Immediately send us copies of any demand, notices, summonses or legal papers received in connection with the claim or "suit;"
>         (b) Authorize us to obtain records and other information.
>         (c) Cooperate with us in the investigation, settlement or defense of this claim or "suit;" and
>         (d) Assist us, upon our request, in the enforcement of any right against any person or organization, which may be liable to the insured because of injury or damage to which this insurance may also apply.
>
> (Emphasis added).

**19.** Paragraph 14 of the Marine Operators Legal Liability Endorsement provides:

> No action shall lie against this company for the recovery of any loss sustained by the insured unless such action be brought against this company within one (1) year after the final judgment or decree is entered in the litigation against the insured, or in case the claim against this company accrues without the entry of such final judgment or decree, unless such action be brought within one (1) year from the date of the payment of such claim; provided, however, that <u>where such limitation of time is prohibited by the laws of the State wherein this policy is issued, then and in that event no action under this policy shall be sustainable unless commenced within the shortest limitation permitted under the law of such State</u>.

(Emphasis added).

20. Article 11.190(1)(c) of the Puerto Rico Insurance Code provides in relevant part that in the policies of property insurance against maritime and transport perils, the insured's right to file suit against the insurer may not be limited to a period of less than one year from the date on which the event that results in the loss occurs.

21. The Defendant has breached the foregoing Policies language in the following respects:

   a. It failed to give Plaintiff prompt written notice of the claim as required by the Policy;
   b. It failed to immediately send Plaintiff copies of any demand, notices, summonses or legal papers received in connection with the claim as required by the Policy;
   c. It failed to cooperate with Plaintiff in the investigation and defense of this claim;
   d. It failed to use due diligence to give Plaintiff prompt notice of any occurrence which may result in loss, damage and/or expense for which Plaintiff is or may become liable, as required by Policy.

22. Furthermore, Defendant's action to file suit against Plaintiff under the Policy is time barred pursuant to Paragraph 14 of the Marina Operators Liability Endorsement and Article 11.190(1)(c) of the Puerto Rico Insurance Code.

23. Plaintiff contends that, under the facts as set forth herein, the Policies do not cover Defendants for losses, claims or expenses relating to the alleged occurrence and damage to the motor yacht.

24. Based on this dispute, pursuant to 28 U.S.C. § 2201, it is necessary and proper for the Court at this time to declare the respective rights and liabilities of the parties under the Policy.

**WHEREFORE**, Plaintiff, Ironshore Indemnity, Inc., requests that this Court enter judgment in its favor and against the Defendant and enter an Order providing the following relief:

A. A declaration of rights that the Policies do not cover the alleged loss to the motor yacht owned by Mr. Busquests;

B. A declaration that any claims by the Defendant under the Policies for the above-described loss and occurrence are time barred; and

C. Award Plaintiff its costs and all other relief that the Court deems fair and appropriate.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 17th day of July 2023.

**CASTAÑER & CÍA P.S.C.**
MAI Center
Marginal Kennedy

```
771 Cll 1, Ste 204
San Juan, PR 00920
Tel. (787) 707-0802
Fax:1(888) 227-5728
```
alberto@castanerlaw.com

**Attorneys for Plaintiff**

**By:s/**<u>Alberto Castañer</u>
   **Alberto J. Castañer**
    **USDC-PR No. 225706**